UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60576-DIMITROULEAS/AUGUSTIN-BIRCH

ANDREW JOHNS,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL AND SUSTAINING IN
PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS**

This cause comes before the Court on Defendant the United States of America's Motion to Compel. DE 19. Plaintiff Andrew Johns filed a Response to the Motion to Compel, and Defendant filed a Reply. DE 22; DE 23. The Court held a hearing on the parties' discovery dispute on December 13, 2023, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

As background, this is a negligence action brought under the Federal Tort Claims Act in which Plaintiff alleges that a vehicle Defendant owned collided with Plaintiff's vehicle on July 18, 2020, in Broward County. DE 1 at 1-2. Plaintiff contends that, as a result of the collision, he sustained "bodily injuries and resulting pain and suffering, disability, mental anguish, scarring, disfigurement, lost wages and future earning capacity, loss of capacity for the enjoyment of life,

expense of hospitalization, medical and nursing care and treatment." *Id.* at 3.  In the Motion to Compel now pending before the Court, Defendant seeks an order overruling Plaintiff's objections to certain interrogatories and requests for production and compelling him to fully respond to those discovery requests.  The Court views the arguments in the Motion to Compel as falling into six categories.

1. References to the Florida Rules of Civil Procedure

Defendant first points out that Plaintiff cites the Florida Rules of Civil Procedure in making certain objections.  The Florida Rules of Civil Procedure do not apply in this federal case. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015) (explaining that the Federal Rules of Civil Procedure are the rules of procedure that apply in federal cases).  Plaintiff's citations to the Florida Rules of Civil Procedure appear in two locations in his discovery responses: his "General Objections" to the interrogatories and his objections to request for production # 40.  *See* DE 19-3 at 3; DE 19-4 at 3.  The Court addresses both sets of objections on their merits below and ultimately determines that Plaintiff must amend his discovery responses.  In the future, Plaintiff should take care to cite to the applicable procedural rules.

2. Objections in the Introductory Statement and General Objections

Second, Defendant contends that Plaintiff made boilerplate objections in the Introductory Statement and the General Objections sections of his responses to the interrogatories, violating the Court's Order Setting Discovery Procedures.  *See* DE 13 at 4-5; DE 19-3 at 2-5.  Plaintiff asserts that the Introductory Statement does not contain any objections.  This appears to the Court to be true, although the Introductory Statement does implicate the issue addressed under category # 3

2

below.  As for the General Objections, Plaintiff responds by withdrawing those objections.  The General Objections are overruled.

3. **Responses to the Best of Plaintiff's Recollection or Knowledge**

Third, Defendant points to various interrogatory responses that Plaintiff stated were being given to "the best of [his] knowledge and recollection at this time," to "the best of [his] recollection at this time," and to "the best of [his] knowledge at this time."  *See* DE 19-3 at 5, 7-12.  Defendant asserts that these responses are evasive and equivocal.  Plaintiff states that he was being honest in making clear that there may be limits to his memory.

"Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control."  *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007).  By responding that the information is being given to the best of his knowledge and recollection, Plaintiff creates confusion as to whether his responses satisfy the legal requirement that he also provide information that is immediately available to him or under his control.  Plaintiff is ordered to amend his interrogatory responses to ensure that he satisfies this legal requirement.

4. **Responses that Documents Were Previously Produced**

Fourth, Defendant argues that Plaintiff's responses to the requests for production make vague statements that unidentified documents were "previously produced."  *See* DE 19-4 at 1-2, 4. Plaintiff contends that "this case does not involve a million records," that the records have been Bates stamped, and that it would require his time and effort "to obtain the requested information from the records."  Plaintiff is ordered to amend his responses to the requests for production to include the Bates numbers corresponding to the records that are responsive to each request so that

3

Defendant will not be left to guess which records, either previously produced or newly produced, are responsive to each request.

5. **Incomplete Responses**

Fifth, Defendant maintains that Plaintiff's responses to interrogatory #'s 2, 5, 9, 11, 14, 15, and 20 are incomplete. Plaintiff argues that his responses reflect his recollection and knowledge. As discussed under category # 3 above, Plaintiff is ordered to amend his interrogatory responses. In doing so, he must specifically review his responses to interrogatory #'s 2, 5, 9, 11, 14, 15, and 20 for completeness.

6. **Request for Production # 40**

Sixth and finally, Defendant asks the Court to overrule Plaintiff's objections to request for production # 40, and Plaintiff maintains that his objections are valid. Request for production # 40 and Plaintiff's response read as follows:

> 40. All social media posts, including pictures, made by Plaintiff or by "tagging" or referencing Plaintiff on any form of social media, including but not limited to Facebook, Twitter, Instagram, LinkedIn, YouTube, Tumblr, TikTok, etc., from January 1, 2015 to present that include: (a) pictures of Plaintiff and posts containing pictures of Plaintiff; (b) posts regarding Plaintiff's physical or mental health, state, or status, including any illnesses or injuries; (c) posts regarding any accidents or incidents of trauma of any kind, and (d) posts regarding Plaintiff engaging in or undertaking any travel, ambulation, or physical activity of any kind.

DE 19-2 at 10.

      40.      Objection. Overbreadth and Relevance: The request for a complete download of all social media records is overly broad, unduly burdensome, and not limited in scope to matters relevant to this case. The request seeks all information contained in social media accounts without any limitation to subject matter, timeframe, or pertinence to the issues in this litigation. Privacy: The request infringes upon the Defendant's right to privacy. While some social media information may be relevant, a complete download of all records would include private and confidential information that has no bearing on this case, including private chats. Proportional to the Needs of the Case: Under Florida Rule of Civil Procedure, the discovery must be proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The request for all social media records fails to meet these criteria. Third Party Privacy: The request potentially encompasses communications with third parties who are not a part of this litigation, violating their privacy rights. Ambiguity: The request does not specify which types of "social media" are included, thereby making the request ambiguous and unclear. Some of the information requested may include attorney work-product privilege. Plaintiff further objects as overly broad, irrelevant, not likely to lead to the discovery of admissible evidence, not proportional to the needs of this case, and not limited in time and scope. To the extent the court overrules this objection, any relevant social media accounts with corresponding relevant content would be made available at the undersigned's office at a mutually agreeable date and time for inspection and copying.

DE 19-4 at 3-4.

      Beginning with Plaintiff's privacy objections, courts have explained that generic assertions of privacy do not prevent the discovery of social media posts. *E.g., Cornelius v. Rollins Ranches, LLC*, No. 20-14464-CIV, 2021 WL 10382763, at *3 (S.D. Fla. June 16, 2021) (stating that "social

media content generally is neither privileged nor protected by any right of privacy"); *Anderson v. City of Fort Pierce*, No. 14-14095-CIV, 2015 WL 11251963, at *2 (S.D. Fla. Feb. 12, 2015) ("This Court reviews recent case law regarding the discoverability of a litigant's social media information. This survey of case law shows that social media content is generally discoverable. The mere fact that the Plaintiff activated a social media site's privacy settings to restrict who may access and view her postings does not provide blanket exemption from discovery in this civil litigation." (citations omitted)); *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1347 (M.D. Fla. 2014) ("Generally, social media content is neither privileged nor protected by any right of privacy."). Consistent with this caselaw, Plaintiff's objections based on privacy, third-party privacy, and confidentiality are overruled.

As for Plaintiff's privilege objection, a party withholding information on the basis of a privilege must provide a privilege log that describes the documents and/or communications being withheld. Fed. R. Civ. P. 26(b)(5)(A); Southern District of Florida Local Rule 26.1(e)(2)(B). Plaintiff does not contend that he prepared a privilege log. He states that requested information "may include attorney work-product privilege," indicating that he is not certain whether any requested information actually is privileged. Further, it is unclear to the Court how information posted on social media could be protected under an attorney privilege, and Plaintiff has not provided an explanation. His objection based on privilege is overruled.

As for Plaintiff's ambiguity objection, the Court's Order Setting Discovery Procedures requires, "If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on the ground of vagueness." DE 13 at 4. During the December 13 hearing, Plaintiff's counsel revealed that he had not complied with the Court's Order by attempting to obtain clarification of the meaning of the phrase "social media"

6

from Defendant's counsel.  Further, based on the discussions during the hearing, it is apparent to the Court that Plaintiff's counsel is not truly confused about the meaning of the phrase "social media."  Plaintiff's objection based on ambiguity is overruled.

> Plaintiff objects based on relevance, disproportionality, overbreadth, and burdensomeness.
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  On a motion to compel the discovery of electronically stored information, "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).

Plaintiff's objection based on relevance is overruled.  He has put his physical and mental health at issue in this litigation, and request for production # 40 seeks relevant information concerning his physical and mental health and ability to engage in physical activities.

During the December 13 hearing, the Court questioned Plaintiff's counsel as to what social media platforms Plaintiff uses.  The Court's goal was to obtain a greater understanding of the level of burden and cost that responding to request for production # 40 might pose.  Plaintiff's counsel replied that he was not aware what social media platforms Plaintiff uses and could only say that he might use Facebook.[1]  Lacking information about the extent of Plaintiff's social media use, the

---

[1] The Court would hope that, at absolute minimum, Plaintiff's counsel ascertained from Plaintiff that he uses *some* social media platform before objecting that producing social media pictures and posts will be unduly burdensome.

7

Court struggles to evaluate whether responding to request for production # 40 will pose an undue burden or cost to him.

Nonetheless, the Court concludes that request for production # 40 should be narrowed somewhat. The Court narrows the timeframe of the entirety of request for production # 40 (subparagraphs (a), (b), (c), and (d)) to January 1, 2017 to the present. Plaintiff has stated that he was involved in a rear-end collision "[i]n approximately 2017," that he received treatment and rehabilitation for back pain following that collision, and that his injuries resolved before the collision that is the subject of this lawsuit. DE 19-3 at 9. It is proportional to the needs of this case for Defendant to obtain information from as far back as 2017 in order to evaluate the veracity of Plaintiff's contention that his prior injuries resolved. The Court includes the entirety of 2017 within the timeframe because, during the hearing, Plaintiff's counsel was unable to provide more precision as to when the 2017 collision occurred.

Subparagraph (a) of request for production # 40 seeks "pictures of Plaintiff and posts containing pictures of Plaintiff." DE 19-2 at 10. As already stated, the Court struggles to evaluate the burden of responding that is posed to Plaintiff. Nevertheless, the Court concludes that the relevance of *all* pictures and posts containing pictures for a multi-year period of time likely is outweighed by the burden of production on Plaintiff. The Court narrows subparagraph (a) to request only pictures of Plaintiff and posts containing pictures of Plaintiff that depict him engaging in or undertaking any travel, ambulation, or physical activity of any kind.

Beyond narrowing the timeframe as discussed above, the Court does not further narrow subparagraphs (b), (c), or (d). And to provide clarity, the Court does not construe the phrase "travel, ambulation, or physical activity of any kind" as used in the now-narrowed subparagraph (a) and in subparagraph (d) to encompass simply standing or sitting.

Finally, Plaintiff states that, if the Court overrules his objections to request for production # 40, "any relevant social media accounts with corresponding relevant content would be made available at [Plaintiff's counsel's] office at a mutually agreeable date and time for inspection and copying." DE 19-4 at 4.  Given Plaintiff's failure to clarify the extent of his social media use, the Court does not find it unduly burdensome to require him to bear the time and expense of sending his responsive pictures and posts to Defendant.  Thus, the Court will not require Defendant's counsel to visit Plaintiff's counsel's office to obtain responses to request for production # 40.  The parties may, of course, come to their own arrangement on this matter.

For the foregoing reasons, Defendant the United States of America's Motion to Compel [DE 19] is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's objections are **SUSTAINED IN PART AND OVERRULED IN PART**.  By **January 12, 2024**, Plaintiff must serve amended responses to Defendant's interrogatories and amended responses to Defendant's requests for production.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of December, 2023.

                                                  PANAYOTTA AUGUSTIN-BIRCH
                                                  UNITED STATES MAGISTRATE JUDGE