UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60576-DIMITROULEAS/AUGUSTIN-BIRCH

ANDREW JOHNS,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO DISCOVERY**

This cause comes before the Court on Plaintiff Andrew Johns' Motion to Compel Better Answers to Discovery. DE 27. Defendant The United States of America filed a Response to the Motion to Compel. DE 28. The Court has scheduled a Discovery Hearing on the Motion to Compel for June 14, 2024, at 3:00 p.m. DE 26. However, upon review of the briefing, the Court concludes that it can resolve the Motion to Compel without the Discovery Hearing. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Discovery Hearing scheduled for June 14, 2024, at 3:00 p.m. is **CANCELED**.

**I.     Background**

This is a negligence action brought under the Federal Tort Claims Act in which Plaintiff alleges that a vehicle Defendant owned collided with Plaintiff's vehicle on July 18, 2020, in Broward County. DE 1 ¶ 8. Plaintiff contends that, as a result of the collision, he sustained "bodily

injuries and resulting pain and suffering, disability, mental anguish, scarring, disfigurement, lost wages and future earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment." *Id.* ¶ 13. In the instant Motion to Compel, Plaintiff seeks an order overruling Defendant's objections and compelling responses to his Interrogatory #'s 5–7, 9–10, and 12 and to his Request for Production #'s 9 and 11.

## II.    Analysis

As an initial matter, Defendant contends that Plaintiff filed the Motion to Compel one business day late. DE 28 at 2 n.1; *see* Southern District of Florida Local Rule 26.1(g)(2)(A) (providing time periods for parties to submit discovery disputes to a court). "Failure to submit a discovery dispute to the Court within the time periods . . . absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief." Southern District of Florida Local Rule 26.1(g)(2)(B). Plaintiff has not made any good-cause argument. Nevertheless, given that the delay was only one business day, the Court will exercise its discretion not to deny the Motion to Compel as untimely and instead will evaluate the Motion to Compel on its merits.

### A. Interrogatory # 5

Plaintiff's Interrogatory # 5 and Defendant's response read as follows:

> 5.  Were you or the driver of the subject vehicle suffering from a physical infirmity, disability or sickness at the time of the accident (i.e. back problems, cold, cancer, diabetes, etc.)? If so, what was the nature of the infirmity, disability, or sickness.
>
> **Response:** Defendant states that it is the United States of America and the United States of America was not suffering from a physical infirmity, disability or sickness at the time of this incident. To the extent this Interrogatory requests personal information regarding counsel or the driver of the federal government vehicle, Defendant objects on the grounds it seeks information protected from disclosure by the provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which could be determined to be violative of the right to privacy by individuals who are not a party hereto, particularly where there is no information to suggest that any type of physical infirmity, disability or sickness was a cause of the accident.

DE 27-3 at 3.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

If at the time of the accident the driver of Defendant's vehicle was suffering from a physical infirmity, disability, or sickness that affected the driver's ability to operate the vehicle, that information could be relevant to the cause of the accident and to liability. However, Interrogatory # 5 is not targeted toward physical infirmities, disabilities, and sicknesses that may have affected the driver's ability to operate the vehicle. The Interrogatory asks for a response that could encompass wholly irrelevant medical conditions.

Further, the "Privacy Act imposed upon federal agencies an array of record-keeping obligations to prevent unauthorized disclosures of confidential information." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1381

(11th Cir. 2010). If Defendant were to release information concerning the driver's medical status without the driver's authorization, Defendant could be liable. *See id.* (explaining that the Privacy Act "created a private right of action, enabling citizens to sue when Privacy Act violations occur" and citing 5 U.S.C. § 522a(g)(1)). Addressing Defendant's Privacy Act objection, Plaintiff argues: "The Privacy Act is designed to protect personal information from unauthorized disclosure, not to prevent disclosure of a driver's physical condition at the time of an accident as it is critical for determining liability." DE 27 at 2–3. Plaintiff cites no authority for a proposition that protections under the Privacy Act give way if the protected information "is critical" to an issue in a lawsuit. The Court rejects Plaintiff's argument challenging Defendant's Privacy Act objection, given Plaintiff's failure to cite any supporting authority. *See Alonso Cano v. 245 C & C, LLC*, No. 19-21826-Civ, 2019 WL 11769102, at *9 (S.D. Fla. Nov. 25, 2019) (stating that "failure to cite supporting legal authority is grounds for rejecting an argument" and citing supporting caselaw).

Finally, the Court believes that the driver's medical condition at the time of the accident can best be ascertained by asking the driver him/herself at a deposition. A court "must limit the frequency or extent of discovery" if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). For all of these reasons, the Court will not compel Defendant to provide a different response to Interrogatory # 5.

**B. Interrogatory # 6**

Plaintiff's Interrogatory # 6 and Defendant's response read as follows:

4

> 6.   Describe in detail how the incident described in the complaint happened and state with specificity the negligence that was committed and by whom, including all actions taken by you or the driver, to prevent the incident.
>
> **Response:** Defendant objects to this Interrogatory on the grounds that it is not a proper interrogatory pursuant to Rule 33, as it requires Defendant to compose a running factual narrative and to marshal all of its available proof or the proof Defendant intends to offer at trial, including the mental impressions and legal positions of counsel, in order to respond. *See Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (holding that interrogatories that sweep an entire pleading impermissibly require the responding party to provide a running narrative of the entire case) (collecting authorities). Defendant further objects insofar as it has previously produced as part of its Initial Disclosures dated August 25, 2023 a memorandum composed by the driver of the federal government vehicle with Bates Nos. DEF 0011 – 0012 that describes in detail how the incident described in the complaint occurred, thus rendering this interrogatory cumulative. Defendant further objects to the extent that this interrogatory seeks information that is equally available to Plaintiff, known only to Plaintiff, or already in Plaintiff's possession, as Plaintiff was directly involved in the motor vehicle incident.

DE 27-3 at 3.

To the extent that Interrogatory # 6 asks Defendant to "[d]escribe in detail how the incident described in the complaint happened," Defendant responded by citing to a Bates numbered document that purportedly provides the detailed description. A party may point to a responsive record in lieu of answering an interrogatory. Fed. R. Civ. P. 33(d).

To the extent that Interrogatory # 6 asks Defendant to "state with specificity the negligence that was committed and by whom," that portion of the Interrogatory presupposes a legal conclusion (that "negligence . . . was committed") and then asks Defendant to provide facts supporting that legal conclusion. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). "Contention interrogatories are broadly defined as questions that ask an opposing party to state the facts, evidence, or legal theories upon which it bases its specified contention(s) or that asks an opponent to explain his or her contention(s)." *In re Reliance Fin. & Inv. Grp., Inc.*, No. 05-80625-CIV, 2006 WL 8435541, at *3 (S.D. Fla. Feb. 14, 2006) (quotation marks omitted). As it is

worded, Interrogatory # 6 is not a contention interrogatory because it does not ask Defendant whether it is making a particular contention or ask Defendant to provide the information on which it is basing a particular contention. Interrogatory # 7, which the Court addresses below, does ask about Defendant's contentions with respect to negligence. The Court will not compel Defendant to provide a different response to Interrogatory # 6.

### C. Interrogatory # 7

Plaintiff's Interrogatory # 7 and Defendant's response read as follows:

> 7. Describe in detail each act or omission on the part of any party or non-party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question and state with specificity the negligence that was committed and by whom.
>
> **Response:** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "legal cause" without further specificity, definition, or limitation, and not a proper interrogatory pursuant to Rule 33 as it requires Defendant to compose a running factual narrative and marshal all of its available proof or the proof Defendant intends to offer at trial, including the mental impressions and legal positions of counsel, in order to respond. *See Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (holding that interrogatories that sweep an entire pleading impermissibly require the responding party to provide a running narrative of the entire case) (collecting authorities). Defendant further objects on the grounds that this Interrogatory is premature, as discovery is on-going and Defendant has not yet deposed Plaintiff or any other witnesses in this matter, etc. Thus, Defendant presently lacks sufficient information to respond fully to this interrogatory at this time. *See In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) (holding that early answers to contention interrogatories are ordinarily not required when substantial discovery remains to be completed unless the requesting party meets its burden of justifying early answers with specific, plausible grounds for believing that such early answers will materially advance the goals of the Federal Rules of Civil Procedure"); *see also Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted-typically, at the end of the discovery period."); *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (the obligation to respond to contention interrogatories "is often postponed until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on").

DE 27-3 at 4.

Interrogatory # 7 is a contention interrogatory in that it asks for facts supporting any contention Defendant may be making of negligence that was a contributing legal cause of the accident. The Interrogatory concerns a particular contention. It does not, as Defendant maintains,

6

require Defendant to "compose a running factual narrative" or "marshal all of its available proof." The *Megdal* case on which Defendant relies is distinguishable because, in *Megdal*, the interrogatory at issue was not tailored to any particular claim, allegation, or contention in that it asked the plaintiff to "identify all facts and legal bases that tend to support or refute each and every allegation in the Complaint." *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *5–6 (S.D. Fla. Feb. 1, 2016) (alteration and quotation marks omitted).

As for Defendant's vagueness objection, the Court reminds the parties to comply with the Order Setting Discovery Procedures before raising such an objection. *See* DE 13 at 4 ("If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on the ground of vagueness."). To the extent that the parties have not come to an agreement on a definition of "legal cause" for the purpose of a response to Interrogatory # 7, the Court instructs them to consult the definition of "proximate cause" provided in Black's Law Dictionary. *See Proximate Cause*, Black's Law Dictionary (11th ed. 2019) (defining "proximate cause," which is another term for "legal cause").

Finally, Defendant objected that a response to Interrogatory # 7 is premature, as discovery still is underway and Defendant still is gathering information to support its contentions. A "court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Plaintiff filed this case over a year ago in March 2023, and United States District Judge William P. Dimitrouleas issued his trial order over nine months ago in August 2023. DE 1; DE 12. The discovery deadline is August 5, 2024, less than two months away. DE 12 at 2. Discovery should have significantly progressed at this stage of the case. Further, it is conceivable that Plaintiff may seek to conduct additional discovery based on Defendant's response to the Interrogatory. To avoid

7

delay, the Court orders Defendant to respond to Interrogatory # 7 with the information that it has at this juncture. If Defendant gathers additional responsive information through discovery, it has a continuing obligation to supplement its responses. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). Defendant's objections to Interrogatory # 7 are overruled, and the Court compels Defendant to respond to Interrogatory # 7.

### D. Interrogatory # 9

Plaintiff's Interrogatory # 9 and Defendant's response read as follows:

> 9. State the facts upon which you rely for each affirmative defense to your answer.
>
> **Response:** Defendant states that it has relied upon the facts asserted in the documents and photographs attached to Defendant's Initial Disclosures dated August 25, 2023, as well as in the documents submitted as part of Plaintiff's Standard Form 95 Administrative Claim for this incident, for each of its affirmative defenses. Defendant states that it has also relied upon the statements of the driver of the federal government vehicle.

DE 27-3 at 5.

Defendant responded to Interrogatory # 9 by citing to certain documents containing the facts on which Defendant relies. A party may point to a responsive record in lieu of answering an interrogatory. Fed. R. Civ. P. 33(d).

Plaintiff argues that Defendant's response should have addressed each affirmative defense separately. DE 27 at 3 (requesting "a detailed, affirmative defense-specific factual disclosure" that "detail[s] how each piece of evidence supports specific affirmative defenses"). If Plaintiff wants a separate response for each affirmative defense, he may pose a separate interrogatory or interrogatory sub-part for each affirmative defense. The Court will not compel Defendant to provide a different response to Interrogatory # 9.

8

E. **Interrogatory # 10**

Plaintiff's Interrogatory # 10 and Defendant's response read as follows:

> 10. Do you contend any person or entity other than you or the driver is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.
>
> **Response:** Defendant objects to this Interrogatory on the grounds that it assumes facts not established, i.e., that Defendant is liable in whole or in part for the claims asserted against Defendant in this lawsuit. Defendant further objects on the grounds that this Interrogatory is not a proper interrogatory pursuant to Rule 33, as it is compound and contains multiple distinct subparts, and requires Defendant to compose a running factual narrative and marshal all of its available proof or the proof Defendant intends to offer at trial, including the mental impressions and legal positions of counsel, in order to respond to each of its subparts. *See Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (holding that interrogatories that sweep an entire pleading impermissibly require the responding party to provide a running narrative of the entire case) (collecting authorities). Defendant further objects on the grounds that this Interrogatory is premature, as discovery is on-going and Defendant has not yet deposed Plaintiff or any other witnesses in this matter, etc.

DE 27-3 at 5.

Interrogatory # 10 is a contention interrogatory in that it asks for facts and legal theories supporting any contention Defendant may be making that a person or entity other than Defendant or its driver is liable. An interrogatory may be compound and contain distinct subparts. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *Perez v. Aircom Mgmt. Corp.*, No. 12-60322-CIV, 2012 WL 6811079, at *1–2 (S.D. Fla. Sept. 24, 2012) (analyzing whether subparts to an interrogatory are "discrete," such that they are separately counted). The Court overrules Defendant's objection based on the *Megdal* case and its timeliness objection for the same reasons discussed for Interrogatory # 7. Defendant's objections to Interrogatory # 10 are overruled, and the Court compels Defendant to respond to Interrogatory # 10.

F. **Interrogatory # 12**

Plaintiff's Interrogatory # 12 and Defendant's response read as follows:

> 12. Please state the service provider and the numbers of all cellular phones in any of the subject vehicles at the time of the accident.
>
> **Response:** Defendant objects to this Interrogatory on the grounds that it seeks information that is overly broad and not relevant or proportional to this lawsuit or reasonably calculated to lead to the discovery of admissible evidence in this matter, as Plaintiff has not established how the mere presence of any cellular phone anywhere in the federal government vehicle is relevant to this motor vehicle incident in any way, assuming any such cell phone was merely present anywhere in the vehicle at all. Defendant further objects on the grounds that this Interrogatory seeks information that is private and/or confidential and/or protected from disclosure by the provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which could be determined to be violative of the right to privacy by an individual who is not a party hereto, particularly where there is no information to suggest that any cellular phones, by their potential mere presence in any of the vehicles involved in this incident, were in any way relevant to the occurrence of the subject incident.

DE 27-3 at 5–6.

Plaintiff argues that Interrogatory # 12 seeks relevant information because the "presence and use of cellular phones in vehicles during accidents can be highly relevant to establishing factors like driver distraction or communication immediately before the accident." DE 27 at 4. If immediately before the accident the driver of Defendant's vehicle was using a cellular phone, that information could be relevant to the cause of the accident and to liability. However, the Interrogatory is not targeted toward use of a cellular phone, and the Court fails to see how the mere presence of a cellular phone in the vehicle is relevant.

Further, Plaintiff has not addressed Defendant's Privacy Act objection. Finally, the Court believes that the driver's possession and use of a cellular phone can best be ascertained by asking the driver him/herself at a deposition. For all of these reasons, the Court will not compel Defendant to provide a different response to Interrogatory # 12.

G. **Request for Production #'s 9 and 11**

Plaintiff's Request for Production #'s 9 and 11 and Defendant's responses read as follows:

10

> 9.   Any and all photographs, movies, charts, and other documentary evidence of the scene, parties, or vehicles involved in or pertaining to the subject accident, occurrences, or issues in this case, including without limitation taken in connection with the accident identified in the Complaint.
>
> **Response:** Defendant refers Plaintiff to the photographs annexed to Defendant's Initial Disclosures with Bates Nos. DEF 0006-0010. Defendant further refers Plaintiff to the Florida Traffic Crash Report previously provided as part of Defendant's Initial Disclosures with Bates Nos. DEF 0001 – 0005 which contains a corresponding chart or diagram. Defendant states that it will produce additional photographs and/or videos that depict, capture, or relate to this motor vehicle incident, if any such additional photographs and/or videos are discovered.
>
> 11.   Any and all repair estimates or invoices for damage to any of the vehicles involved in the subject accident.
>
> **Response:** Defendant refers Plaintiff to his own receipts, repair estimates, or invoices obtained for any damage to his vehicle involved in this incident. Regarding the federal government vehicle, Defendant refers Plaintiff to the documents annexed hereto with Bates Nos. DEF 0015 – 0022.

DE 27-4 at 4.

Defendant responded to these Requests for Production by citing to Bates numbered documents and by referring Plaintiff to his own documents. Plaintiff argues that these documents are not "adequately detail[ed]" or "comprehensive." DE 27 at 4. However, the documents in existence are what they are. Defendant has a continuing obligation to supplement its responses if it gathers additional responsive material. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). The Court will not compel Defendant to provide different responses to Request for Production #'s 9 and 11.

### III.   Conclusion

For the foregoing reasons, Plaintiff Andrew Johns' Motion to Compel Better Answers to Discovery [DE 27] is **GRANTED IN PART AND DENIED IN PART**. Defendant must amend

its responses to Interrogatory #'s 7 and 10 within 14 days of the date of this Order. The Discovery Hearing scheduled for June 14, 2024, at 3:00 p.m. is **CANCELED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 13th day of June, 2024.

                                        PANAYOTTA AUGUSTIN-BIRCH
                                        UNITED STATES MAGISTRATE JUDGE